UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

FILED
CLERK, U.S. DISTRICT COURT
SEPT 26, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: ___BH___ DEPUTY

John Wallace Eberle,

    Plaintiff,

v.

Jaguar Land Rover North America, LLC,

    Defendant.

2:18-cv-06650-VAP-PLA

**Order GRANTING Plaintiff's Motion to Remand (Doc. No. 12).**

On August 31, 2018, Plaintiff John Wallace Eberle ("Plaintiff") filed his Motion to Remand ("Motion") the instant action to the Los Angeles County Superior Court ("Superior Court"). (Doc. No. 12). Defendant Jaguar Land Rover North America, LLC ("Defendant") filed an Opposition to Plaintiff's Motion on September 10, 2018. (Doc. No. 14). Plaintiff filed a Reply on September 17, 2018. (Doc. No. 15).

After consideration of the papers filed in support of, and in opposition to, the Motion, the Court GRANTS the Motion to Remand.[1]

---

[1] While Plaintiff's Notice of Motion to Remand indicates that Plaintiff is moving for an order remanding this action to the Los Angeles Superior Court, (Doc. No. 12 at 1), Plaintiff's Memorandum of Points and Authorities repeatedly requests that the Court remand the case to the San Diego Superior Court. (Doc. No. 12-1 at 1, 10). As this action was brought in the Los Angeles Superior Court, the Court has no basis to send the parties to San Diego, and instead remands to the Los Angeles Superior Court.

1

## I. BACKGROUND

On July 2, 2018, Plaintiff filed his initial Complaint in the Superior Court, pleading a single cause of action under the Song-Beverly Consumer Warranty Act. (Doc. No. 1-1). Defendant timely removed the action to this court. (Doc. No. 1). Plaintiff seeks to recover (1) general, special and actual damages according to proof at trial; (2) restitution of all expenditures and rescission of the sale contract; (3) incidental and consequential damages; (4) a civil penalty of twice Plaintiff's actual damages under the Song-Beverly Consumer Warranty Act; (5) prejudgment interest at the legal rate; (6) attorneys' fees and the cost of the suit; and (7) further relief as is proper under the circumstances. (Doc. No. 1-1 at 29–30.)

Plaintiff moves to remand the action to California Superior Court, contending that the amount in controversy requirement has not been satisfied. (Doc. No. 12-1 at 1).

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441 *et seq.*; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress" (citations omitted)). Defendants may remove a case to a federal court when a case originally filed in state court presents a federal question or is between citizens of different states. *See* 28 U.S.C. §§ 1441(a)-(b), 1446, 1453. Only those state court actions

that originally could have been filed in federal court may be removed. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). If a defendant fails to meet the requisite burden of proof, a court must remand for lack of subject matter jurisdiction.

In determining the amount in controversy, the Court considers not only the facts alleged in the complaint, taken as true for purposes of calculating the amount, but also "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mutual Automobile Insurance Co.*, 116 F.3d 373, 377 (9th Cir. 1997). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis*, 627 F.3d at 400.

### III. DISCUSSION

When a complaint, as here, does not identify damages with specificity, a defendant seeking to remove the case to federal court must demonstrate that it is "more likely than not" that the amount in controversy will be satisfied. *Sanchez v. Monumental Life Insurance Company*, 102 F.3d 398,

404 (9th Cir. 1996). For the reasons below, the Court concludes that Defendant has not met this burden.

### A. The actual damages under the Song-Beverly Consumer Warranty Act are uncertain

Actual damages under the Song-Beverly Consumer Warranty Act ("the Act") are the "amount equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). The reduction is based on the number of miles the buyer has driven prior to the first attempted repair. *Id.* Defendant has provided the Court with a copy of the purchase and sale agreement, demonstrating that the car's purchase price was $48,284.39, (Doc. No. 14-2), but has provided the Court with no evidence when any relevant repairs were made.

While the car's purchase price is considerable, the Act's statutory offset could significantly lessen Plaintiff's actual damages. Defendant has offered no maintenance record or any other facts to assist the Court in determining what the actual damages might be without resorting to speculation. *See Luna v. BMW of North America, LLC*, No. 17-cv-02067 BEN (KSCx) 2018 WL 2328365 at *3 (S.D. Cal. May 22, 2018) (denying a motion to remand in Song-Beverly claim because the sales agreement and repair record allowed the court to determine actual damages with specificity); *Lawrence v. FCA US LLC*, 16-cv-05452 BRO (GJSx) 2016 WL 5921059, at *3 (C.D. Cal. Oct. 11, 2016) (denying a motion to remand on the same grounds).

**B. Defendant has not made a sufficient showing of likelihood of civil penalties or amount of attorney's fees**

**1. Civil Penalty**

If a court determines that a defendant's failure to comply with the terms of the Act is willful, a successful Song-Beverly plaintiff is entitled to recover civil penalties of up to twice the amount of the actual damages. Cal. Civ. Code §§ 1794 (c). If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain. *See Edwards v. Ford Motor Co.*, No. 16-cv-05852 BRO (PLAx), 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) ("However, as determined above, Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty. Accordingly, the Court cannot determine the amount of any potential civil penalty either.")

As noted above, the civil penalty is applicable only if a court determines that a defendant's failure to comply with the Act is willful. Ca. Civ. Code §§ 1794 (c). Defendant, however, has not pointed to any specific allegations in the action suggest that the civil penalty would be awarded, or how much it might be if it were. *See Zawaideh v. BMW of North America, LLC*, No. 17-CV-2151 W (KSCx), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) ("Rather than simply assume that because a civil penalty is available, one will be awarded, the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty."); *Edwards* at *5 (granting a

motion to remand in a Song-Beverly case in part because the defendant did not provide the court with "any analogous verdicts or estimates of a recoverable punitive damages award," thus failing "to establish the likelihood of any punitive damage award by a preponderance of the evidence"); *Lawrence v. FCA US LLC*, No. 16-cv-05452 BRO (GJSx), 2016 WL 5921059, at *4 (C.D. Cal. Oct. 11, 2016) (finding that because a defendant did not provide "any analogous verdicts or estimates about the amount" the court could not consider Song-Beverly's civil penalty when determining the amount in controversy); *see also Campbell v. Hartford Life Insurance Co.*, 825 F. Supp. 2d 1005, 1009 (E.D. Cal. 2011) ("However, even if punitive damages were recoverable, Defendant has failed to demonstrate a recoverable punitive damage award by a preponderance of the evidence.")  The Court is thus unable to determine what civil penalties might be imposed if Plaintiff's claim succeeds.

### 2. Attorneys' fees

Defendant's Opposition correctly notes that the Ninth Circuit recently held that future attorney's fees are to be included when determining the amount in controversy. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018).  The *Fritsch* court, however, also noted that a "district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof."  *Id.* at 795.  Here, Defendant has merely indicated that while it "is presently unaware of Plaintiff's counsel [sic] hourly rate, it reasonably anticipates the fees 'likely to be expended' in this case will be in excess of the 'less than $5,000' amount stated in Plaintiff's motion."  (Doc.

No. 14 at 8). This is not enough. Courts have been reluctant to estimate reasonably attorneys' fees without knowing what the attorneys in the case bill, or being provided with "evidence of attorneys' fees awards in similar cases," *Edwards* at *5, and have found information far more specific than this to be insufficient for the purposes of including attorneys' fees in the amount in controversy. *See Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (finding that a defendant failed to establish the amount in controversy by a preponderance of the evidence when including attorney's fees without estimating "the amount of time each major task will take," or varying the hourly billing rate for each task).

As the amount a potential civil penalty is unknown, and any attorneys' fees that could be awarded to Plaintiff are speculative, the Court finds that Defendant has not demonstrated that it is "more likely than not" that they can be included when determining the amount in controversy.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS the Motion to Remand.

**IT IS SO ORDERED.**

Dated: 9/26/18

Virginia A. Phillips
Chief United States District Judge